USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-27-11

PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 15
DATE FILED: 1/21/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Stephen Mattis )
(Petitioner) )
)
)
)
V. )   10 Civ. 2382 (PKC)
)
)   S17 04 Cr. 801 (PKC)
United States of America )
(Respondent) )
)

*Mr. Mattis has failed to make out a showing of substantial denial of a constitutional right. Accordingly, no certificate of appealability will issue.*

SO ORDERED.
/s/ [signature]
USDJ
1-26-11

## APPLICATION FOR ISSUANCE
## OF A CERTIFICATE OF APPEALABILITY

Comes now the Petitioner/ Movant, Stephen Mattis (hereafter "Mattis"), pro se, and for his Application for issuance of a Certificate of Appealability, and in support thereof, states as follows:

## CERTIFICATE OF APPEALABILITY STANDARD

Under the standard imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

Before a Federal Court of Appeals may properly issue a certificate of appealability (COA) to review a Federal District Court's denial of Habeas Corpus relief, when a prisoner seeks permission to initiate appellate review of such a denial, the court of appeals should limit its examination to a threshold inquiry into the underlying merit of the prisoner's claim, rather than a ruling on the merits of the prisoner's claims. A Prisoner seeking a COA need only demonstrate a substantial showing of the denial of a constitutional right(s). Moreover, the prisoner satisfies this

(1)

MEMO ENDORSED

standard by demonstrating that jurist(s) of reason could (1) disagree with the District Court's resolution of the prisoner's federal constitutional claims, or (2) conclude the issues presented are adequate to deserve encouragement to proceed further. Under 28 U.S.C. §2253 (c)- which establishes the procedural rules and requires a threshold inquiry into whether a Court of Appeals may properly entertain such an appeal- <u>a COA determination requires an overview of the claims in a habeas corpus petition and a general assessment of their merits</u>, by (1) <u>looking to the District Court's application of the AEDPA to a prisoner's constitutional claims</u>, and (2) asking whether resolution was debatable among jurist(s) of reason. <u>Miller El V Cockrell</u>, 537 U.S. 322, 336 (2002). See also <u>Slack V. McDaniel</u>, 529 U.S. 473, (2000); See also <u>Clark V. Oklahoma</u>, 468 F.3d 711, 713 (10th Cir. 2006). We will issue a COA only if [t]he [defendant] "has made a substantial showing of the denial of a constitutional right." See <u>United States V. Silva</u>, 430 F.3d 1096, 1100 (10th Cir. 2005)(We have jurisdiction pursuant to 28 U.S.C. §2253 to grant certificate of appealability).

### PROCEDURAL HISTORY OF THE CASE

On September 15, 2005, the Petitioner plead guilty to Racketeering, in violation of 18 U.S.C. §1962(c). On or about August 24, 2009, Counsel for the Petitioner filed an <u>Anders</u> brief. The Petitioner elected <u>not</u> to file a subsequent pro se Direct Appeal brief.

(2)

## ISSUE FOR CONSIDERATION

A. Whether the District Court's two level sentencing enhancement for Obstruction of Justice and the absence of a reduction for acceptance of responsibility was clearly erroneous and is an issue debatable among jurists of reason.

## ARGUMENT

**A. Mattis has established that the District Court's failure to credit Mattis for his acceptance of responsibility and to enhance Mattis for obstruction of justice demonstrates a substantial showing of the denial of Mattis' due process and is an issue debatable among jurists of reason.**

The Court, in its December 9, 2010 Memorandum Opinion, states in pertinent part as follows:

> In his second claim, Mattis asserts that his attorney handled the government's "refusal to honor its cooperation agreement with the Petitioner." Mattis claims that his counsel " simply agreed with that unsupported position" of breach put forward by the government. Petitioner's assertion that his counsel conceeded a breach of the plea agreement is not supported by the record. At sentencing, the Petitioner's counsel, Benjamin Heinrich, Esq. argued that Mattis believed that he was merely recovering his own money and did not knowingly engage in unlawful conduct. Heinrich argued that, although Mattis should have disclosed communications with Matthew Martin[1], Mattis did not engage in the marijuana trade during his incarceration. **Counsel's tactical opinions may well have been limited by the government's possession of audio recordings of Martin's telephone conversations with Mattis.**

(3)

In fact, and contrary to the Court's assertions that "Counsel's tactical options may be limited by the Government's possession of audio recordings of Mattis' telephone conversations." Heinrich, at **no** time made an effort to or otherwise did listen to any audio recordings of Mattis' telephone conversations with Martin. To date, in fact, Mattis' sworn declaration testimony remains unopposed on the question of his actual intention in asking that money (which he continues to assert, was his lawfully obtained money - not, in any fashion fashion "linked" to illicit drug trafficking activity) is the **only** evidence before this Court directly on this critical case and sentencing issue.

Due to the fact that the defense has, at no time during the case proceedings, explained the content of the subject telephone conversations, Mattis further submits that it is absolutely necessary that Mattis <u>now</u> be afforded the opportunity to do so, at a minimum, clarifying and further developing the record herein. Mattis respectfully requests that he be afforded this opportunity <u>prior</u> to the Court ruling on his application (provided the Court believes it is a necessary addition pursuant to its decision).

Mattis submits that the mere fact that Attorney Heinrich failed to listen to the Government's telephone recording evidence establishes his ineffective assistance, violative of <u>Strickland</u> and its progeny. Mattis' contention in this regard demonstrates a substantial showing

---

1. The Court incorrectly states the name "Morrison" instead of Martin.

of a denial of Mattis' constitutional due process rights and is an issue which is debatable among jurists or reason. Accordingly, the issuance of a Certificate of Appealability is warranted herein.

## CONCLUSION

Based on the foregoing, the Petitioner, Stephen Mattis, prays that this Honorable Court grant Mattis' application for a certificate of Appealability, and for such other and further relief that this Court deems is just and proper.

Respectfully Submitted,

*/s/ Stephen Mattis*

Stephen Mattis/ Pro se

Stephen Mattis

Reg. No. #57196-054

FCI Loretto

P.O. Box 1000

Loretto, PA 15940

(5)

District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 3

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

STEPHEN MATTIS ----------------X

-V-

UNITED STATES OF AMERICA ----------X

1:10 civ. 2382 ( )

**AFFIRMATION OF SERVICE**

I, STEPHEN MATTIS, declare under penalty of perjury that I have served a copy of the attached APPLICATION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY

upon MICHAEL J. GARCIA
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK

whose address is: ONE SAINT ANDREWS PLAZA
NEW YORK, N.Y. 10007

Date: JANUARY 18, 2011
New York, New York

_Stephen Mattis_ #57196-054
(Signature)
P.O. BOX 1000
(Address)
LORETTO, PA 15940
(City, State and Zip Code)

FORM 4

APPEAL FORMS

U.S.D.C. S.D.N.Y. CM/ECF Support Unit     5     Revised: May 4, 2010